I concur.
The grounds for the petition for a writ of certiorari are:
 "[T]he Court of Criminal Appeals' decision is in direct contradiction of all the concepts related to unreasonable search and seizure, as well as the protections of the Fourth Amendment to the Constitution of the United States."
(Emphasis added.) It then alleges conflict with the following holding inMapp v. Ohio, 367 U.S. 643, 655 (1961): "All evidence obtained by searches and seizures in violation of the Constitution of the UnitedStates is . . . inadmissible in a state court." (Emphasis added.)
The other conflict alleged in the petition did not in any way allege that the search or seizure was in violation of the Constitution of the State of Alabama.
I concur with the majority opinion because it addresses only the law of search and seizure as it relates to the Constitution of the United States and not as it relates to the Constitution of the State of Alabama, even though the petition alleges that "the Court of Criminal Appeals' decision is in direct contradiction of all the concepts related to unreasonable search and seizure."
Article I, § 5, Alabama Constitution of 1901, provides:
 "That the people shall be secure in their persons, houses, papers and possessions from unreasonable seizure or searches, and that no warrants shall issue to search any place or to seize any person or thing
without probable cause, supported by oath or affirmation."
(Emphasis added.)
I am not convinced that Art. I, § 5, Ala. Const. of 1901, affordsonly the rights against unlawful search and seizures that are afforded by the Fourth Amendment to the United States Constitution.